Chief Justice Robertson
delivered the Opinion of the Court.
This writ of error is brought -to reverse the judgment for damages, alluded lo in the foregoing opinion.
After setting forth- truly the covenant, as to the right of Grayson, the declaration averred, as a breach, that he had not, at the date of the conveyance, ‘‘good right nor lawful authority to sell the premises m said deed mentioned.”
A demurrer to the declaration having been overruled, Triplett filed three pleas: 1st, that. Gravsonhad good right and lawful authority to sell and convey the land; 2nd. that Grayson, by a decree of the Bath circuit court, had obtained a conveyance of the legal title from Andrew Hare’s unknown heirs, through a commissioner appointed by said decree, (referring to the decree and the record of the suit in which it was rendered,) and concluding that therefore Grayson had a good right and lawful authority to convey, and averring that the plaintiffs in the action had never been evicted; 3rd. substantially the second, except the positive averment of title.
Demurrers were sustained to the second and third pleas: and thereupon the court, to whom the law and the facts were referred, gave judgment for $810 11 in damages, after overruling a motion for a new trial.
The assignment of errers complains of the judgments on the demurrers, and of the refusal to grant a new trial.
I. The declaration and pleas No. 2 and 3 will first be considered.
The declaration is substantially goocf; the. covenant is correctly described, and the breach is sufficiently comprehensive and specific to show a good cause of action: See II. Sanderson Pleading 181-6.
The second plea does not contain facts sufficient to show that Grayson had a legal title. The record *439 to which it refers, and on which it relies for proof of such title, does not show that the heirs of Hare were before the court by voluntary appearance, or by any service of process actual or constructive. It shows only that an order of publication was made against them as unknown heirs, but it does not contain any certificate or other proof of publication. The recital in the decree is insufficient.- The evidence of the fact itself should appear in the-record. A decree cannot be sustained ^nless the facts necessary to uphold it, appear in the record. According to the well settled doctrine of this court, the decree referred to in the plea, must be deemed ex parte and void. See Peers vs Carter’s heirs, IV. Littell, 270; Delano vs. Jopling, I Ib. 417; and Green’s heirs vs. Breckenridge’s heirs, IV. Mon. 545.
Plaintiff never evicted, no answer to claim for damages upon breach of covenant that defendant had “right and lawful authority to sell and convey.”
Copy of will admitted as evidence, be-' ing the best that under tile farts established, could be had ha°Pa ri^ht'to subscribe the name of his ' principal,
*439 The averment that the defendants had never been evicted, was immaterial. An actual eviction is necessary to the maintainance of a suit for a breach of general warranty of title; but a-covenant of seizin, Or a covenant that the vendor has lawful right and authority to convey, is broken the instant it is made, unless, at that time, the vendor was seized or had lawful right and authority to convey; and, therefore, in these latter cases, an eviction is not material to the cause of action. The breach is as fatal and the cause of action therefor is as complete without 'eviction as with it.
Wherefore, the third plea being.nobetter than the second, the demurrers to both were properly sustained.
Three grounds were relied on for a new trial: 1st, That the circuit court erred in permitting a copy of A. Hare’s will to be read as evidence on the trial. 2d, That the proof did not authorise any verdict against the plaintiff' in error, and, 3d, That the verdict was excessive.
A. Hare died in the year 1800. The copy of his will which was read on the trial, had been made out and certified by Levi Todd, (the clerk of the county court of Fayette) in 1801, and filed .as a true copy in a suit then pending between the personal repre-’sentatives of the testator and the trustees of his *440 widow. The copy is in the hand writing of one of the clerk’s sons, and the words, copy test, Levi Todd, c. c. c. j. c.” were in the hand writing of a qualified and acting deputy of the said clerk. The deputy was, at the time of the trial, and had been ever since 1817, living in Missouri, and the clerk himself died in 1807. ~ The clerk’s office had been consumed by fire in February, 1803, and the books in which wills had been recorded, arid the county court books containing entries of probate, and nearly all the original wills on file in the office, had been totally destroyed in 4he conflagration. Hare’s executor died in 182G.
{¡Criterion of (lambes for ^ onant of title, the considera tion actually !’crcst?n JU~
By an endorsement made on the copy at the time it was certified, it appeared that the original had been proved by two witnesses, and ordered to be recorded in the year 1800.
Upon these facts, which were all clearly proved, the copy was admitted as legitimate evidence, and, we think, properly admitted.
Under all the circumstances, a higher grade of proof should not be expected or required.
We cannot presume that the county court of Fayette had no jurisdiction, nor that the original will was not duly proved and admitted to record in that court. The copy isas well authenticated as it could be. The deputy had a right to subscribe the principal clerk’s iiame.
By the will, the land now the subject of contest, was devised to John Hare; and therefore, if the decree in favor of Grayson against the unknown heirs of Andrew Hare, had been valid, it could not have vested the legal title to the land in Grayson, or divested the heirs of the devisee (John Hare), of their exclusive legal right thereto; consequently, there being no other proof of title in Grayson, the issue was rightly found for the defendants in error.
But the verdict was exorbitant. The consideraj.;ot¡5 w¡{|, legal interest thereon, furnished the maximum of the plaintiff’s liability: See Staats vs. The executors of Ten-Eych, III. Caine’s Reports, 111; and Pitcher vs. Livingston, IV Johnson’s Report 1 and the authorities therein cited.
Acknowt defd™iTcon™ sidorution paid, does not t°Vrom show* in^that it has not noon ac*tuahy paid,
Triplett, for plaintiff; Haggin, for "defendant.
The deed made by Grayson acknowledged the reoeipt of the consideration; and the court gavejudgmeat for the consideration so acknowledged, to gether with legal interest thereon from the date of the deed.
But Triplett’s original covenant shows that the consideration was payable in two equal annual instalments, neither of which had become due at the date of the deed. It is evident, therefore, that the verdict and judgment exceed the legal criterion, unless the acknowledgement in the deed is conclusive proof that the whole consideration has been paid, or was due at the date of the deed. It has been hitherto decided by this court, that such an acknowledgement is not conclusive: and in this case, we are of opinion that the original contract is the better evidence; because it is of equal dignity with the deed, and has never been cancelled or surrendered; because it is not necessarily inconsistent with the acknowledgement in the deed, and because it is intrinsically improbable that the consideration was actually paid so long before it was due; moreover, it is manifest from the record of the chancery suit, read as evidence in this case, that the whole consideration had not been paid, and was not due at the date of the deed.
interest should be calculated from the time the principal was paid, or was payable. This is the utmost of the maximum right of the defendants in error in this case.
Judgment reversed, and cause remanded for a new trial.